MOORE, Chief Justice
(concurring specially).
On January 9, 2015, the Court of- Criminal Appeals dismissed, by order, John William Gilam’s appeal from a Rule? 32, Ala. R:Crim.. P., petition- challenging his convictions, pursuant to guilty pleas, for discharging a firearm into an occupied dwelling, driving under the influence, and altering a firearm on the basis that the filing fee had not been paid or waived and that, therefore, the DeKalb Circuit Court was without jurisdiction to enter the order purporting to grant Gilam’s petition for an out-of-time appeal.- ■ ■
Because I agree that the circuit court was without jurisdiction to grant Gilam’s petition for an out-of-time appéal, I concur in denying the petition for a writ of certio-rari. I write specially to note that it appears that Gilam may still file in the circuit court another Rule 32 petition seeking an out-of-time appeal, this time either paying the filing fee or requesting in forma pau-peris status with his petition; however, he must do so .within the confines of Rule 32.[1]

. "[T]he court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) and (f), unless the petition is filed: ... [I]n the case of a conviction not appealed to the Court of Criminal Appeals, within one (1) year after the time for filing an appeal lapses; provided, however, that the time for filing a petition under Rule 32.1(f) to seek an out-of-time appeal from' the dismissal or denial of a petition previously filed under any provision of Rule 32.1 shall be six (6) months from the date the petitioner discovers the dismissal or denial, irrespective of the one-year deadlines specified in the preceding subparts.” Rule 32.2(c), -Ala, R.Crim. P.